# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| TRACY ARTHUR ALSTON,<br><br>    Plaintiff,<br><br>v.<br><br>EBERWEIN GROUP, LLC, *trading as*<br>*Merlin Auto Club*, and<br>JOHN LUND KELLER,<br><br>    Defendants. | Civil Action No. TDC-17-3278 |

## MEMORANDUM OPINION

Plaintiff Tracy Arthur Alston has filed suit against Defendants Eberwein Group, LLC ("Eberwein") and John Lund Keller in connection with a used vehicle he purchased from, and financed through, Eberwein in 2015. The vehicle failed soon after the purchase, leaving Alston owing money on a car he could no longer use. Alston has filed suit against Eberwein alleging certain material misrepresentations about the quality of the vehicle. He has also alleged that, in attempting to collect on Alston's outstanding loan balance, Defendants engaged in predatory practices in violation of federal and state consumer protection statutes. Pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, which is ripe for disposition. Having reviewed the submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In April 2015, Alston purchased a 2000 Dodge Caravan from Eberwein for $6,288.73, with financing from Eberwein. About 20 days later, while the Caravan was still under warranty, the fuel pump and suspension failed, prompting Alston to return the vehicle to Eberwein. At that point, Alston had, by his calculation, paid approximately $1,300 towards the Caravan. Alston's insurance company, State Farm, paid out $2,647.21 to Eberwein. In Alston's estimation, that insurance payment fully settled his outstanding financing debt to Eberwein.

However, two years later, Alston received a May 30, 2017 letter from Keller ("the Keller Letter"), an attorney acting on behalf of Eberwein, with the subject heading: "Re: Eberwein Group, LLC t/a Merlin Auto Club v. Tracy Arthur Alston, in the District Court of Maryland for Prince George's County, Case No.: (Unassigned)." Keller Letter at 1, Mot. Dismiss Ex. 3, ECF No. 30-5. In the letter, Keller stated that he had been retained by Eberwein "for the purpose of filing suit against you for the sum of $4,252.79," Alston's alleged outstanding balance on the Caravan. *Id.* Keller further stated that "[b]efore filing suit, it is my policy to give a prospective Defendant a chance to pay the debt in full" and instructed Alston to "immediately render payment." *Id.* Keller warned that if Alston did not render payment or "an offer for a payment schedule" that Eberwein found acceptable, Keller would "file suit after I am properly able to assume that the debt is a valid debt." *Id.* The letter included a notice to Alston of his right under the Fair Debt Collection Practices Act ("FDCPA") to dispute the validity of, and require verification of, the debt within 30 days of receipt of the letter and of the procedure for doing so. *Id.* at 2–3.

By a letter dated July 1, 2017, Alston requested validation of the debt. In a letter dated July 7, 2017, Keller stated that the claimed debt of $4,252.79 was accurate.

On July 28, 2017, Eberwein, represented by Keller, filed suit against Alston in the District Court of Maryland for Prince George's County ("the State Court Case") seeking $4,252.79 for the outstanding debt and $625.00 in attorney's fees. Mot Dismiss Ex. 1 at 6 (State Court Complaint), ECF No. 30-3. In that case, Alston filed a Notice of Intention to Defend in which he asserted several defenses, specifically, that the debt had been discharged through the doctrine of accord and satisfaction when Eberwein cashed the State Farm insurance check, that Eberwein had waived its right to collect the debt by waiting two years to begin its collection efforts, and that Eberwein was not entitled to collect the debt because it had breached the sales contract and the warranty by failing to repair the Caravan. After Alston disputed the debt in the state court proceedings, Eberwein reduced its claim to $2,796.52, citing a miscalculation on its part. On October 25, 2017, the case proceeded to trial, after which Alston was found liable for the entirety of the $2,796.52 and was assessed $74.00 in costs and $325.00 in attorney's fees. Although Alston noticed an appeal from that judgment, he later abandoned it.

In November 2017, Alston filed suit in this Court. After a June 13, 2018 Case Management Conference, the Court granted Alston leave to amend his Complaint to address alleged deficiencies identified by Defendants. Because Alston had been put on notice of Defendants' perceived deficiencies in the Complaint, by agreement of the parties, the Order granting Alston leave to amend also stated that any future motion to amend would not be granted "absent exceptional circumstances." June 13, 2018 Order at 1, ECF No. 28. On July 13, 2018, Alston filed an Amended Complaint alleging six causes of action: (1) breach of warranty by Eberwein; (2) breach of contract by Eberwein; (3) a violation of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law §§ 14-201–14-204 (West 2013), by Eberwein and Keller; (4) a violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com.

Law §§ 13-301–13-320, by Eberwein; (5) fraud by Eberwein; and (6) a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p (2012), by Keller.

## DISCUSSION

In their Motion, Defendants seek dismissal of all of Alston's claims based on the doctrines of *res judicata* and collateral estoppel, asserting that all of these claims either were or could have been litigated in the state court proceeding. Alternatively, they assert that Alston has failed to plead sufficient facts to sustain his claims. In opposing the Motion, Alston focuses primarily on the argument that his MCDCA and FDCPA debt collection claims are not precluded by the state court judgment.

### I. Legal Standard

Defendants' Motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). Documents attached to the complaint or motion may be considered if "they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The court may also take judicial notice of matters of public record. *Philips v. Pitt Cty. Mem'l Hosp.*,

572 F.3d 176, 180 (4th Cir. 2009). When considering a Rule 12(b)(6) motion based on *res judicata* or collateral estoppel, the courts may "take judicial notice of facts from a prior judicial proceeding" when the assertion of preclusion as a defense "raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Accordingly, in resolving the Motion, the Court will consider both the Keller Letter, which is integral to the Amended Complaint, and the record of the State Court Case, of which it takes judicial notice.

## II. *Res Judicata* and Collateral Estoppel

Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating claims that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id.* at 354–55. Here, there can be no dispute that the State Court Case was a lawsuit between Eberwein and Alston that resulted in a final judgment on the merits in favor of Eberwein, such that the first and third prongs of *res judicata* are satisfied. As to the second prong, where the party filing the second suit was the defendant in the first suit, there are additional considerations. In such instances, defendants in the first action are not precluded from subsequently litigating counterclaims that could have been raised in the first action except: (1) where the counterclaim was a compulsory one under statute or court rules, or (2) where "[t]he relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action." *Green v. Ford Motor Credit Co.*, 828 A.2d 821, 829 (Md. Ct. Spec. App. 2003) (citing Restatement (Second) of Judgments § 22 (Am. Law. Inst. 1982)).

5

As particularly relevant here, when, in the first action, (1) "the same facts constitute a ground of defense to the plaintiff's claim and also a ground for a counterclaim," (2) "the defendant alleges those facts as a defense but not as a counterclaim," and (3) the plaintiff in the first action secures a judgment against the defendant, collateral estoppel will apply to litigation of the issues raised in the defenses in the first proceeding. Restatement (Second) of Judgments § 22 cmt. c (Am. Law. Inst. 1982). Collateral estoppel, or issue preclusion, is a sub-species of *res judicata* that applies when a party raises in a successive lawsuit "an issue of fact or law actually litigated and resolved in a valid court determination essential to [a] prior judgment" and that party had "a full and fair opportunity to litigate," even if the issue "recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). For the doctrine to apply, (1) the issue to be precluded must be identical to one previously litigated, (2) the issue must have been actually determined in the prior proceeding, (3) the determination of the issue must have been a critical and necessary part of the earlier decision, (4) the prior judgment must be final and valid, and (5) the party against whom estoppel is to be applied must have had a "full and fair opportunity to litigate the issue" in the prior case. *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998).

Here, there be no dispute that the central issue in the State Court Case was the validity of Alston's debt to Eberwein for the Caravan, and that Alston expressly raised as defenses in the State Court Case that Eberwein breached the warranty and sales contract. Thus, the issues of whether Eberwein breached the warranty or breached the contract, the same issues presented here in Alston's breach of warranty and breach of contract claims, were actually litigated, as defenses, in the State Court Case and were rejected. Those determinations were necessary to the resolution of the State Court Case because successful defenses would have precluded the judgment in favor of Eberwein. Because Alston has had a full and fair opportunity to litigate those issues and there was

a final and valid judgment in the State Court Case, he is estopped from raising the breach of warranty and breach of contract claims here. *Taylor*, 553 U.S. at 892; Restatement (Second) of Judgments § 22.

Alston's citation to *Rowland v. Harrison*, 577 A.2d 51 (Md. 1990), does not alter this conclusion. In *Rowland*, the plaintiff, Rowland, sued a veterinarian for malpractice relating to the death of her horse. *Id.* at 52. In an earlier filed lawsuit, however, the veterinarian had sued Rowland for an unpaid veterinary bill. *Id.* Although Rowland sought to consolidate the cases or assert malpractice counterclaims in the billing case, when that case proceeded to trial, Rowland asserted that she had not had adequate time to conduct discovery and obtain expert testimony on the malpractice counterclaims. *Id.* The court then ruled in favor of the veterinarian on the billing claim, stated that it was making no determination about medical negligence, and dismissed the counterclaims without prejudice. *Id.* at 52–53. When the malpractice case then proceeded, the Maryland Court of Appeals held that Rowland's malpractice claim was not precluded by the prior action because the question of negligence had not actually been litigated. *Id.* at 54. *Rowland* thus simply echoes the principle that a party is collaterally estopped from litigating an issue only when the party has already had a full and fair opportunity to do so. Because Alston asserted his defenses and had a full and fair opportunity to litigate them, *Rowland* provides him no relief. The breach of warranty and breach of contract claims are therefore dismissed based on collateral estoppel.

A large portion of Alston's MCDCA claim is precluded for the same reason. Alston asserts that Defendants are liable under section 14-202(8) of the MCDCA, which provides that "in the course of collecting or attempting to collect an alleged debt," a debt collector "may not claim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Code Ann., Com. Law § 14–202(8). Alston raised as defenses in the State Court Case that Eberwein

had not performed under the warranty, that Eberwein had waived any right to any payment because of its delay in collecting on the debt, and that the debt had been satisfied under the doctrine of accord and satisfaction by Eberwein's acceptance of the State Farm insurance payment. Now, Alston seeks to assert affirmative MCDCA claims against Eberwein premised on findings that (1) pursuant to the warranty, Eberwein was required to pay for half the cost of repairs to the Caravan, including the costs of a fuel pump and the suspension; (2) the debt was satisfied under the doctrine of accord and satisfaction by Eberwein's acceptance of the State Farm insurance payment; and (3) any right Eberwein had to collect the debt was waived by its delay in attempting to collect it. Because these arguments have been raised and rejected as defenses in the state court proceeding, Alston cannot now raise them as affirmative claims. *Taylor*, 553 U.S. at 892; Restatement (Second) of Judgments § 22. Alston's remaining basis for his MCDCA claim, that Defendants attempted to collect more from him than he rightly owed, is discussed below.

Alston's MCPA and fraud claims are also precluded. As to the MCPA, Alston primarily cites subsections of that law which, considered collectively, bar "false" or "misleading" statements, or a "[f]ailure to state a material fact," in the "extension of consumer credit." Md. Code Ann., Com. Law §§ 13-301(1), 13-301(3), 13-303(4). Alston's MCPA claim has three parts. First, Alston asserts that Eberwein's actionable deception included its failure to honor the warranty, a basis for the claim that is precluded for the reasons discussed above. Second, Alston asserts that Eberwein violated the MCPA by violating the MCDCA, without specifying a particular MCDCA claim. As with the MCDCA claims that are precluded as discussed above, the derivative MCPA claim is likewise precluded. Lastly, Alston asserts that Eberwein engaged in deceptive sales practices by misleading him into believing that the Caravan was in good condition when, in his estimation, it was not. As for his fraud claim, Alston similarly asserts that Eberwein made

misrepresentations about the condition of the Caravan on which he relied in deciding to purchase it.

In the MCPA and fraud claims, Alston thus seeks to litigate the legitimacy of the underlying sale. Whether or not Alston raised these issues in the State Court Case, he cannot raise them now. To succeed on a claim under the MCPA, "a consumer must have suffered an identifiable loss, measured by the amount the consumer spent or lost as a result of his or her reliance on the sellers' misrepresentation." *Lloyd v. Gen. Motors Corp.*, 916 A.2d 257, 277 (Md. 2007). In a fraud action, recovery is limited to securing the defrauded party the benefit of his bargain or recovery of his losses. *Hinkle v. Rockville Motor Co.*, 278 A.2d 42, 47–48 (Md. 1971). If Alston were to prevail on his MCPA and fraud claims in this Court, he would be entitled to claw back some or all of the debt he was found to owe to Eberwein for his purchase of the Caravan, a result that would either effectively nullify the state court judgment or impair Eberwein's rights established in that action. Because principles of *res judicata* do not allow for such a collateral attack on that state court judgment, Alston's MCPA and fraud claims are precluded. *See Green*, 828 A.2d at 829. Alston's attempt to argue otherwise, on the theory that his success here "would not overturn the [state court] judgment," Opp'n at 10-13, ECF No. 34, is unconvincing, because *Green* does not require that a prior judgment be overturned, only that the rights the judgment establishes be impaired. *Green*, 828 A.2d at 829.

Alston is also collaterally estopped from proceeding on two of his theories of liability under the FDCPA. Alston asserts that Keller violated 15 U.S.C. § 1692e(10) by falsely representing that Alston's debt remained outstanding when the debt had been satisfied by the insurance payment and the right to collect had been waived by Eberwein's delay. He asserts that Keller violated § 1692f(1) by collecting attorney's fees when, similarly, the debt had previously been satisfied and

9

the right to collect had been waived by Eberwein's delay. These theories of liability merely repackage two of Alston's state court defenses. As discussed above, those unsuccessful defenses cannot now proceed as affirmative claims. *Taylor*, 553 U.S. at 892; Restatement (Second) of Judgments § 22. Alston's claim under §1692f(1) also cannot proceed because if Alston were to succeed on it, the judgment in this Court would necessarily nullify or impair the state court judgment, which expressly awarded attorney's fees. *See Green*, 828 A.2d at 829.

Alston's citation to *Senftle v. Landau*, 390 F. Supp. 2d 463 (D. Md. 2005), does not alter this conclusion. *Senftle* draws the very distinction this Court makes here, noting that claims relating to the manner in which a debt was collected may proceed, but those relating to the validity of the underlying debt may not. *Id.* at 469. Alston's § 1692e(10) and § 1692f(1) claims, though framed as addressing collection methods, in fact rely on the premise that any collection methods would have been unfair because there was no legitimate debt to collect. Likewise, *Currie v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 788 (D. Md. 2013), is distinguishable, because there, state law claims were allowed to proceed in the wake of a state foreclosure action expressly because the relief the Plaintiffs' sought would "not contradict or nullify any essential foundation of the foreclosure." *Id.* at 802. As explained above, the same cannot be said here. If Alston were to prevail on his § 1692e(10) and § 1692f(1) claims, it would undercut the state court judgment finding his debt to Eberwein to be valid and enforceable. Because Alston's theory of liability on these FDCPA claims is not merely one of debt collection methods but also one of debt validity, he is estopped from proceeding with them.

### III. MCDCA

Alston includes one additional theory of liability under the MCDCA, that Defendants violated section 14-202(8) of the MCDCA by improperly seeking to collect $4,252.79, even

though they knew that because of Alston's own payments and the State Farm insurance payment, the actual debt owed was no more than the $2,796.52 he was later deemed to owe. Because this aspect of Alston's MCDCA claim would not serve to nullify the initial judgment that Alston was liable for $2,796.52 or otherwise impair rights established in that action, it cannot fairly be said that it was an issue raised and determined in the state court proceeding. *Pueschel*, 369 F.3d 354–55; *Sedlack*, 134 F.3d at 224; *Green*, 828 A.2d at 829.

However, the claim fails for a different reason. The MCDCA prohibits "*methods* of debt collection." *Allstate Lien & Recovery Corp. v. Stansbury*, 101 A. 3d 520, 529 (Md. Ct. Spec. App. 2014) (quoting *Fontell v. Hassett*, 870 F. Supp. 2d 395, 405 (D. Md. 2012)). It is thus not a "mechanism for attacking the validity of the debt itself." *Fontell v. Hassett*, 870 F. Supp. 2d 395, 405 (D. Md. 2012). Disputes as to the amount of a debt have thus been adequate to support a MCDCA claim under §14-202(8) where the claimed debt is "a result of the debt collector's inclusion of an unauthorized type of charge." *Conteh v. Shamrock Community Ass'n, Inc.*, 648 F. App'x 377, 381 (4th Cir. 2016) (vacating the district court's dismissal of the plaintiff's section 14-202(8) claim and remanding for a determination whether the debt in question included an unauthorized type of charge); *see Allstate*, 101 A. 3d at 529 (holding that seeking to collect a total debt that improperly included "costs of process" on top of the lien amount was a viable basis for liability under the MCDCA). Thus, while an "unauthorized type of charge" can support an action under section 14-202(8), "typographical or mathematical errors" in the debt calculation will not. *See Conteh*, 648 F. App'x at 381.

Here, Alston makes no allegation that Defendants included unauthorized types of charges in his debt, only that they miscalculated the amount he owed. Where this part of Alston's MCDCA claim amounts to a challenge to the valid extent of his debt and includes no separate allegation

challenging a particular method of debt collection, the Court finds that he fails to state a viable MCDCA claim. His remaining MCDCA claim will therefore be dismissed. Pursuant to the June 13, 2018 Order, leave to amend will not be granted.

## IV.  FDCPA

Alston asserts three additional bases for liability against Keller under the FDCPA: (1) that Keller violated 15 U.S.C. §1692e(2) by misrepresenting the legal status of the debt; (2) that Keller violated § 1692e(2) by knowingly misrepresenting the amount of debt owed; and (3) that Keller violated § 1692g by demanding immediate payment and thus "overshadowing" the notice of Alston's right to seek validation of the debt within 30 days. Defendants seek dismissal of these claims based only on their own analysis of the facts and assertions that the Keller Letter is not false or misleading. The Keller Letter, however, does contain a misleading subject line that gives the false impression that a lawsuit had already been filed against Alston in state court. Whether Keller knew that that the $4,252.79 he sought was an incorrect amount at the time he sent the letter is an open question. And viewing the allegations in the light most favorable to the plaintiff, as is required at this stage, the Court finds that the statement "You need to immediately render payment through this office" could arguably be viewed as overshadowing the FDCPA notice. *See Grant-Fletcher v. McMullen & Drury, P.A.*, 964 F. Supp. 2d 514, 521 (D. Md. 2013) ("Collection activities "overshadow[] or contradict[] the validation notice 'if [they] would make the least sophisticated consumer uncertain as to her rights.'") (quoting *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010)). The Court therefore finds that the allegations are sufficient, under the Rule 12(b)(6) standard applicable at this stage of the case, to state a claim for relief under the FDCPA. *See Albright*, 510 U.S. at 268; *Lambeth*, 407 F.3d at 268.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED as to Alston's breach of warranty, breach of contract, MCPA, and MCDCA claims, all of which are DISMISSED WITH PREJUDICE. It is also GRANTED as to Alston's FDCPA claims under 15 U.S.C. § 1692e(10) and §1692(f), which are DISMISSED WITH PREJUDICE. Accordingly, Eberwein is DISMISSED as a defendant. The Motion is otherwise DENIED.

Date: February 5, 2019

THEODORE D. CHUANG
United States District Judge